■ W. Robert Curtis, Esq., Respondent, v Tabak is Tribeca, LLC, et al., Appellants. [41 NYS3d 41]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 1, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for sanctions, attorneys' fees and/or costs against plaintiff pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.

There is no support in the record for defendants' contention that plaintiff's conduct was "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]; *compare Pickens v Castro*, 55 AD3d 443 [1st Dept 2008], *with Lusker v 85-87 Mercer St. Assoc.*, 272 AD2d 278 [1st Dept 2000]). The only document that plaintiff filed in this action was

the initiating summons and notice in December of 2015. He decided not to prosecute his claims, and the complaint was dismissed upon defendants' unopposed motion after several months. Defendants point out that plaintiff has been sanctioned in other actions, including by this Court. However, the fact that he has been sanctioned before is not alone a basis for imposing sanctions against him in this case.

Nor is there support in the record for defendants' contention that plaintiff's conduct in this case was "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]), involved false material statements (*id.* subd [c] [3]), or was undertaken to "harass or maliciously injure another" (*id.* subd [c] [2]). As indicated, the only document plaintiff filed in this case is the summons with notice. As the motion court observed, the issue of plaintiff's misconduct will be fleshed out, upon a more complete record, in the separate action brought by defendants, where the parties are represented by counsel. Defendants will be entitled to recover damages for plaintiff's misconduct if they are successful in that action. Concur—Mazzarelli, J.P., Andrias, Saxe and Gische, JJ.